# Supreme Court of Texas

No. 24-0915

In re Travis County Republican Party and Matt Mackowiak,
Chair of the Travis County Republican Party,

*Relators*

On Petition for Writ of Mandamus

JUSTICE BLACKLOCK, joined by Justice Devine and Justice Young, concurring in part in the denial of the petition for writ of mandamus and motion for expedited relief.

I would order the Respondents to comply with the Election Code, as interpreted below, to the greatest extent practicable in the limited time available. Beyond that, I concur in the Court's disposition of the petition.

The Election Code requires county officials to appoint election judges and alternate election judges in a way that gives both major political parties a representative at each precinct on election day, if possible. *See* TEX. ELEC. CODE § 32.002(c). The partisan affiliation of the "presiding judge" depends on the results of recent elections in the jurisdiction. *Id.* The "alternate presiding judge" must come from a different political party, which in nearly every case will be the major party not represented by the presiding judge. *Id.* In this way, as long

as the county chairs of the political parties have submitted lists containing a sufficient number of eligible volunteers, the Election Code requires that precincts with a Democrat presiding judge must have a Republican alternate presiding judge, and vice versa. *Id.*

This partisan-affiliation rule for presiding judges and alternate presiding judges applies to counties, like Travis County, that use "countywide polling places established under Section 43.007." *Id.* § 32.002(c-1). The partisan-affiliation rule appears in Section 32.002(c). Although Travis County operates under the alternative scheme described by Section 32.002(c-1), that scheme requires the appointments to be made "in compliance with Subsection (c)" except with respect to a list of matters that does not include partisan affiliation. Subsection (c-1) goes on to reinforce the partisan-affiliation rule by providing that the rule cannot be departed from even when there is a "need for services" at a polling location: "Other than a judge's party affiliation, nothing in this subsection precludes a county clerk from placing an election officer at a countywide polling place based on the need for services at that location." *Id.*

The Election Code contains a similar provision for "election clerks," who assist the election judges at the polling place. These clerks "shall be selected from different political parties if possible." *Id.* § 32.034(a).

None of the foregoing statutory rules is optional, and their legitimate aim is obvious—to assure voters of all political parties that their local polling place is not dominated by partisans of one party or another.

This mandamus petition, filed four days before election day on November 1 by the Travis County Republican Party (TCRP), complains that the Travis County Clerk has not complied with her statutory duties regarding the appointment of election judges, alternate election judges, and election clerks. In at least one respect, it appears based on the limited information before this Court that the TCRP is probably right. Although the evidence before this Court is not entirely clear, it seems that the County Clerk has not made much effort, if any, to place Republican alternate election judges at polling places with Democrat election judges, as the Election Code contemplates. If that is what has happened, a serious violation of the law has occurred. The Election Code's rules for the partisan alignment of polling-place officials are not suggestions, and they cannot be ignored by a county clerk who finds them burdensome, bothersome, or ill-advised. Nor should county officials be permitted to hide behind technicalities or require a political party's county chair to jump through elaborate hoops before the county agrees to vindicate the Election Code's promise that those who work the polls will come from multiple political parties, if at all possible.

As problematic as the county's actions may be, these allegations were not brought to this Court's attention until less than four days before the start of voting on election day, despite the TCRP's knowledge of them at least two weeks prior. This Court has said again and again that we cannot grant election-eve mandamus relief that could disrupt the voting process unless we know with certainty how our action will affect an impending election. *In re Khanoyan*, 637 S.W.3d 762, 764 (Tex. 2022) ("[A]s the risk of judicial interference with an election rises, so

3

does the duty of the party invoking judicial power to explain with precision how any relief will affect that election . . . ."). The party seeking our intervention naturally bears the burden to demonstrate that the relief it seeks will not cause disruption or confusion on election day. *Id.* at 764–65. The same party likewise bears a related burden to seek mandamus relief as quickly as it possibly can, so that the courts have as much time as possible to assess the allegations and to determine what impact the requested relief will have on the election. *See id.* at 765.

The TCRP has not complied with either burden in this case. It knew of the clerk's actions on October 16, and the evidentiary record it has provided to this Court lacks the degree of clarity and specificity that would allow this Court to know with certainty what exactly has transpired and what practical effect this kind of last-minute judicial intervention would have for election day in Travis County. The spotty record before us certainly lacks the kind of crystal clarity that would put this Court in a position to dictate new precinct-by-precinct appointments, as the petition suggests should happen. Had this petition been filed as soon as it could have been, the courts would have had some time to sort through the factual details and perhaps issue effective relief if the County Clerk has indeed violated its statutory duties, as may in fact have happened. At this eleventh hour, however, we must deal with what we have—an incomplete and unclear factual record combined with only the most cursory understanding of the practical impact that granting the requested relief would have on Travis County polling places this Tuesday.

Thus, despite the distinct possibility that the County Clerk has not fully complied with the Election Code, it would be neither practicable nor prudent—not to mention a clear departure from this Court's precedent regarding last-minute election cases—for this Court, on this record, to attempt to dictate which election workers will work the polls at each of Travis County's 176 election-day polling places mere hours from now. To cite just one example of the lack of clarity in the information before the Court, we have no way of knowing whether the alternate election judges proposed by the TCRP meet the other, non-political qualifications to serve in that position, and we have no way of ascertaining such information on a moment's notice. It is therefore impossible for us to order that any of the TCRP's proposed alternate judges be appointed, as is asked of us. Had this petition been filed earlier, it is conceivable that this and other factual and practical questions could have been adequately explored. That has not happened, and there is now no time for it.

The most we can responsibly do under these circumstances is to order the Travis County Clerk to comply to the greatest extent practicable, in the time remaining before the election, with the Election Code's mandatory requirements regarding the partisan affiliation of alternate election judges and election clerks.[1] These requirements are

---

[1] With respect to election clerks, the county suggests that it need not concern itself with the statutory requirement that election clerks come from "different political parties if possible" because it is the duty of election judges, not the county clerk, to select election clerks. If, however, county officials have taken it upon themselves as a practical matter to assign election clerks, as the TCRP alleges, then county officials must do so in compliance with the statute's partisan-affiliation requirement. Section 32.034(a) states a general rule that

not optional, and they are not insignificant. But given the late filing of the mandamus petition and the uncertain state of the record, more specific relief cannot be afforded in the time allowed.

Going forward, other remedies may be available if the county's alleged violations of law can be established through a judicial process that is not hampered by the time constraints and practical considerations that limit this Court's options on the eve of the election.

I would order the Respondents to comply with the Election Code as interpreted herein, to the greatest extent practicable. Beyond that, I concur in the Court's disposition of the petition.

James D. Blacklock
Justice

**OPINION FILED:** November 4, 2024

---

election clerks "shall be selected from different political parties if possible." That rule is obviously intended to be generally applicable to the selection and assignment of election clerks, no matter who is doing the selecting and assigning. The record does not clearly indicate how election clerks are selected and assigned in Travis County.